**Hayden Burisha GUICHARD, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**Civ. A. No. L–95–069.**

United States District Court,
S.D. Texas,
Laredo Division.

Sept. 15, 1995.

Hayden Burisha Guichard, Brooklyn, NY, pro se.

Howard E. Rose, U.S. Attorneys Office, Houston, TX, for defendant.

## MEMORANDUM AND ORDER

KAZEN, District Judge.

Pending before the Court is Petitioner Guichard's Petition for Writ of Habeas Corpus and Respondent INS's unopposed Answer and Return. Guichard was found deportable in September, 1993, after being incarcerated in state prison on drug charges. The deportation order is administratively final as Guichard failed to perfect his appeal to the Board of Immigration Appeals. On August 8, 1995, the Government answered Guichard's petition with an Answer and Return, which this Court converted to a motion for summary judgment in a Memorandum and Order filed August 16, 1995. In the same Memorandum and Order, this Court directed Guichard to respond to the Government's Answer and Return no later than August 30, 1995. Guichard did not respond by August 30, 1995, nor has he responded as of the date of the present Order.

### BACKGROUND

In its unopposed Answer and Return, supported by various exhibits, prior judgments, and other documentation, the Government alleges the following facts: The INS attempted to deport Guichard on March 10, 1995. He was placed on a flight to Port of Spain, Trinidad. As a travel document, Guichard had a birth certificate the INS obtained from the immigrant visa application in his official INS file. Trinidad authorities then denied Guichard entry. In an interview with Deportation Officer Steven Rodriguez after his return, Guichard said that the Trinidad authorities did not believe that Guichard was a Trinidad citizen because Guichard could not answer questions concerning where he was raised and where he went to school.

On April 14, 1995, the INS again requested travel documents from the Trinidad and Tobago Consulate. Shortly thereafter, Guichard was interviewed by an officer of the Trinidad Embassy. In response to questions concerning where he was raised, what schools he attended, and what family members were still on the island, Guichard stated that he could not remember. As a result, the officer replied that she could not issue a travel document for Guichard. On April 21, 1995, Officer Rodriguez requested the assistance of INS Headquarters in Washington in obtaining a travel document. Officer Rodriguez also contacted Guichard's mother and grandmother, who reside in Brooklyn, New York, but both women refused to assist in convincing the Trinidad Embassy to issue a travel document.[1]

### ANALYSIS

■ Apparently, the Trinidad and Tobago Government is not refusing to issue a travel document, but rather, they are requiring that Guichard provide them with verifiable biographic data confirming his citizenship. See Respondent's Answer and Return, Exhibits Nine and Ten. The Court finds that, thus far, Respondent has done everything in its power to obtain the travel documents necessary to effectuate Guichard's deportation. Instead, as the INS claims, with support in the record, Guichard, individually and through his mother and grandmother, is now causing some if not all of the delay with regard to his deportation.

■ Because Guichard was convicted twice for controlled substance related offenses (Respondent's Answer and Return, Exhibits Four and Five), he is an aggravated felon for immigration purposes. 8 U.S.C. § 1101(a)(43) ("illicit trafficking in a controlled substance"). Moreover, Guichard conceded his status as an aggravated felon in his deportation proceeding. See Respondent's Answer and Return, Exhibit Eight at p. 2. As an aggravated felon, Guichard is subject to a mandatory detention provision,

---

1. In a letter filed with the Court on August 30, 1995, Guichard's mother, Mrs. Eurisha Guichard–Picott, asserted that she was attempting to assist the INS and to "ensure that [Guichard] becomes a better citizen of this country." Obviously, Guichard's mother desires for Guichard to remain in this country. It is no surprise then that Mrs. Guichard–Picott made no showing that she had cooperated with the INS in their efforts to obtain a travel document from the Trinidad Embassy. On the contrary, with support in the record (Respondent's Answer and Return, Exhibit Ten), it appears that Guichard's mother's refusal to assist the INS has impeded the Service's deportation efforts.

beyond six months (8 U.S.C. § 1252(a)(2)(A)), unless "the alien demonstrates to the satisfaction of the Attorney General" that he is not a threat to the community and that he is likely to appear before the INS in the future. 8 U.S.C. § 1252(a)(2)(B). As Guichard failed to respond to this Court's Order of August 16, 1995, there is no evidence that he has attempted to make the required showing under § 1252(a)(2)(B). Guichard is free to petition for relief under this section to INS District Director Richard M. Casillas, 8940 Fourwinds Tower, San Antonio, Texas 78239. There is nothing, however, in this record to indicate that the INS is violating any Constitutional obligations owed to Guichard at this time.

Accordingly, Respondent's motion for summary judgment is GRANTED and Petitioner's *pro se* Writ for Habeas Corpus will be DISMISSED without prejudice.